UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20036

JASON A. PRESCOTT,

       Plaintiff,

vs.

SPECIALIZED LOAN SERVICING, LLC

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON A. PRESCOTT (hereinafter "Plaintiff" or "Mr. Prescott"), hereby files his Complaint against Defendant, SPECIALIZED LOAN SERVICING, LLC ("Defendant SLS"), and alleges:

### INTRODUCTION

1. This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq.* ("RESPA"), and their implementing regulations.

2. The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA, and the respective implementing regulations.

3. Specifically, Plaintiff seeks the remedies as provided in RESPA for the Defendant's failure to comply with Section 2605(k) of RESPA and 1024.41 of Regulation X.

4. All conditions precedent to the filing of this action have been satisfied.

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

6. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

7. Venue in this District is proper because Plaintiff resides in Miami-Dade County, Florida and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant SLS was and is a Delaware corporation with its principal place of business at 8742 Lucent Blvd., Suite 300, Highlands Ranch, Colorado 90129. Defendant SLS is duly licensed to transact business in the State of Florida and lists its registered agent as United Agent Group, Inc., 801 US Highway 1, North Palm Beach, Florida 33408.

9. At all times material hereto, Defendant SLS is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon the Plaintiff's residential property, located at 893 NE 96th Street, Miami Shores, Florida 33138 (the "Subject Property").

10. At all times material hereto, Plaintiff owned and continues to own the subject property, which is located in Miami-Dade County, Florida.

11. The Subject Property is a residential single-family home structure.

12. At some point in time prior to the violations alleged herein, the Defendant SLS was hired to service the subject loan.

13. The subject loan is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by Defendant SLS as account number ******8797.

## BACKGROUND AND GENERAL ALLEGATIONS

14. On or about March 29, 2018, Plaintiff entered into a promissory note agreement with Recovco Mortgage Management, LLC a Limited Liability Corporation (the "Note") for what he intended to be his primary residence. The Note was secured by a mortgage on the Subject Property (the "Mortgage") (the "Note" and the "Mortgage" are collectively referred to as the "Loan").

15. On or about October 20, 2020, a loss mitigation application ("LMA") was submitted on behalf of Plaintiff to Defendant SLS via email to crdocs@sls.net[1]. *See* LMA Email dated October 20, 2020 attached hereto as **Exhibit "A"**.

16. Pursuant to 12 C.F.R. § 1024.41(b)(2)(i)(B), Defendant SLS was required to provide a written notice within five (5) business days of receipt of the LMA acknowledging receipt of same and whether the mortgage servicer determined said application to be complete or incomplete. If the mortgage servicer deemed the LMA incomplete, the mortgage servicer is required to state in the written notice the additional documents and information that must be submitted to make the LMA complete and a date within which to submit said documents and information. Despite the mandates of 12 C.F.R. § 1024.41(b)(2)(i)(B), Defendant SLS failed to respond.

17. Defendant SLS was also required to provide a written notice stating which loss mitigation options, if any, Defendant SLS would offer Plaintiff within thirty (30) days after the

---

[1] Defendant SLS has designed the email address crdocs@sls.net for receipt of loss mitigation applications. *See* https://www.sls.net/Documents/SLS-Mortgage%20Assistance%20Application.pdf

application was considered "complete." Again, Defendant SLS failed to respond despite being required to do so pursuant to 12 C.F.R. § 1024.41(c)(1).

18. Receiving no response, on November 23, 2020 Plaintiff sent Defendant SLS via certified mail, two identical letters to Defendant SLS reminding Defendant SLS of their obligation to respond to the LMA and affording them fourteen (14) days to comply (the "Reminder Letters"). The first letter was addressed to Defendant SLS's designated Qualified Written Request/Notice of Error address at P.O. Box 630147, Littleton, Colorado 80163. The second letter, identical in nature, was addressed to Defendant SLS's General Mail/Customer Care address at P.O. Box 636005, Littleton, Colorado, 80163. Both Reminder Letters were received by Defendant SLS on November 30, 2020. *See* Reminder Letters dated November 23, 2020, attached hereto as **Composite Exhibit "B"**.

19. To date, Defendant SLS has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that no written notice was provided within five (5) business days of receipt of the LMP acknowledging receipt of same and advising whether a determination was made that said application was complete or incomplete.

20. To date, Defendant SLS has failed to or refused to comply with 12 C.F.R. § 1024.41(c), in that no written notice within thirty (30) days of receipt of a "complete loss mitigation application" stating which loss mitigation options, if any, will be offered to Plaintiff.

21. Plaintiff retained Jenkins Lorenzo, LLC ("Jenkins Lorenzo") as counsel for legal representation in this action and has agreed to pay a reasonable attorney's fee.

## DAMAGES

22. Plaintiff has been injured and suffered actual damages by virtue of Defendant's repeated violations of those legal rights and protections which Congress provided to Plaintiff and other consumers like him. The threshold of Defendant's violations stem from repeated failures to

respond to the LMA submitted for Plaintiff. Plaintiff's injuries result in-part from the Defendant's invasion of a legally protected interest that is concrete, particularized, and actual. Simply stated, Plaintiff's procedural rights under RESPA were violated by not providing a response to the LMA despite additional notice of same via the Reminder Letters.

23. Plaintiff is entitled to actual damages as a result of Defendant's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's Reminder Letters; and (2) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to Defendant's failure to adequately respond to Plaintiff's LMA, which includes the Reminder Letters.

24. Plaintiff has also suffered actual damages in the form of emotional distress, anxiety, the constant fear of losing his property, worry, embarrassment, and anguish as a result of the ongoing failures of the Defendant to address Plaintiff's LMA.

25. Plaintiff is entitled to statutory damages, as well as the costs of this action, together with a reasonable attorney's fee as determined by the court and pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

26. Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above.

27. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not--
>   …
>   **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>   …

>   **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

28. Section 1024.41 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10822 ("The Bureau relies on its authority under sections 6(j)(3), 6(k)(1)(C), 6(k)(1)(E) and 19(a) of RESPA to establish final rules setting forth obligations on servicers to comply with the loss mitigation procedures in § 1024.41").

29. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

30. Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(b)(2)(i)(B), in that no written notice was provided to Plaintiff within five (5) business days of receipt of the LMP acknowledging receipt of same and whether said application was determined to be complete or incomplete.

31. As such, the Defendant SLS has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

32. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

### COUNT II –VIOLATION OF 12 U.S.C. § 2605(k)

33. Plaintiffs reallege and incorporate by reference paragraphs 1 through 25 above.

34. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
>   A servicer of a federally related mortgage shall not-
>   …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
>   …
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.
>
> 12 U.S.C. § 2605(k)(emphasis added)

35. Section 1024.35 of Regulation X was promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696*, 10714, fn. 64 (Feb. 14, 2013) ("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 implements Section 6(k)(1)(C)).

36. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(C), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

37. Defendant has failed to or refused to comply with 12 C.F.R. § 1024.41(c)(1) in that no written notice was provided to Plaintiff within thirty (30) days of receipt of a complete loss mitigation application stating which loss mitigation options, if any, would be offered to Plaintiff.

38. As such, the Defendant SLS has violated 12 U.S.C. § 2605(k)(1)(C) and § 2605(k)(1)(E).

39. As a result of the above violations, Plaintiff is entitled to recovery for actual and statutory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JASON A. PRESCOTT respectfully requests that this Honorable Court enter an order granting judgment for the following:

(a) That the Defendant be required to provide a written notice and determination in compliance with 12 C.F.R. § 1024.41(c)(1);

(b) For actual damages, statutory damages, costs and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f); and

(c) Such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff JASON A. PRESCOTT hereby demands a trial by jury of all issues so triable.

Dated this 5th day of January 2021.

Respectfully Submitted,

                                                    **JENKINS LORENZO, LLC**
*Counsel for Plaintiff*
18851 NE 29th Avenue, Ste. 700
Aventura, Florida 33180
Tel: (305) 456-1450

By: */s/ Chase E. Jenkins, Esq.*
    Chase E. Jenkins, Esq.
    Florida Bar No. 94261
    cjenkins@jenkinslorenzo.com
    Jorge "J.D." Lorenzo, Esq.
    Florida Bar No. 81702
    jlorenzo@jenkinslorenzo.com